**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12897

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MIGUEL ANGEL AGUASVIVAS LIZARDO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00253-RBD-RMN-1

_____

Before NEWSOM, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Miguel Aguasvivas Lizardo appeals his sentence of 84 months' imprisonment for conspiracy to engage in money launder-

ing. Aguasvivas argues that his sentence was substantively unreasonable because the District Court failed to adequately consider or weigh the 18 U.S.C. § 3553(a) sentencing factors, focusing singularly on the murder of his wife, for which he was not directly responsible, and giving little weight to mitigating factors, therefore creating an unwarranted disparity by imposing a sentence higher than average for conspiracy to commit money laundering.

In reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances and apply a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Regarding the § 3553(a) sentencing factors, a district court need not discuss the factors on the record; it is sufficient if the court acknowledges that it has considered them. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). A court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)).

The proper factors are set out in § 3553(a) and include the history and characteristics of the defendant, the nature and seriousness of the crime, the need for the sentence to promote respect for the law, to provide just punishment, to deter crime, and to protect the public from further crimes of the defendant, the guideline

range, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). We give a district court "due deference" in its consideration and weighing of the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quoting *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014)).

The sentence the District Court imposed was not substantively unreasonable. The Drug Enforcement Administration arrested Aguasvivas for money laundering in February 2022. He avoided indictment and persisted in his illegal activity. The high-end guideline sentence he received was needed to promote respect for law, deter Aguasvivas from future crime, and prevent others from following in his footsteps. The unfortunate death of his wife, whom he recruited to participate in his illegal activity, was a reasonably foreseeable consequence of his money laundering and cocaine trafficking and the Court properly considered that fact.

The Court did not focus solely on Aguasvivas' wife's murder, as he contends, but instead weighed the various mitigating and aggravating factors. Aguasvivas' sentence is therefore **AFFIRMED.**